**FILED**

JAN 1 0 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SL SERVICE, INC., a Delaware corporation, and LUMBERMEN'S MUTUAL CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | No. C05 01512 MJJ 1<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |

The parties, through their respective attorneys, hereby stipulate to the entry of the following Protective Order in the above captioned matter and request that the Court enter its Order thereon:

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the court's authority under the Federal Rules of Civil Procedure and with the consent and agreement of the parties, it is ordered:

I.  NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS. EXCEPT WITH THE PRIOR WRITTEN CONSENT OF THE PARTY DESIGNATING A DOCUMENT AS A CONFIDENTIAL DOCUMENT, OR AS HEREINAFTER PROVIDED, NO CONFIDENTIAL DOCUMENT MAY BE DISCLOSED TO ANY PERSON. THE

DESIGNATION OF CONFIDENTIALITY MAY BE MADE BY LETTER BETWEEN COUNSEL. COUNSEL SHALL ONLY DESIGNATE INFORMATION CONFIDENTIAL THAT IS SUBJECT TO PROTECTION UNDER FRCP RULE 26(c). NO SUCH DESIGNATION MAY BE MADE WITHOUT A GOOD FAITH DETERMINATION BY COUNSEL THAT SUCH PROTECTION IS WARRANTED.

For purposes of this order, the term "confidential document" means all written, recorded, or graphic material, or thing whether produced or created by a party or another person, whether produced pursuant to Rules 26 and 34, subpoena, by agreement, or otherwise, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits.

II. PERMISSIBLE DISCLOSURES. Notwithstanding paragraph I, confidential documents may be disclosed to party employees involved in the management of this litigation and to insurers and reinsurers of the parties; to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court. Such documents may also be disclosed:

A.  to any person designated by the court in the interest of justice, upon such terms as the court may deem proper;

B.  to persons noticed for depositions or deposed by agreement, or designated as witnesses to the extent reasonably necessary to testify or otherwise provide evidence;

C.  to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees

of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has been advised of this Agreement and of the confidentiality of the information or document and agree that disclosures will not be made by them and the information will not be kept by them as set forth in Agreement to Abide by Stipulated Protective Order (Attachment A)

III. DECLASSIFICATION. A party (or aggrieved entity permitted by the court to intervene for such purpose) may, for reasonable cause, apply for a ruling that a document (or category of documents) is not entitled to such status and protection. The party or other person that originally designated the document as confidential, shall be given notice of the application and a reasonable opportunity to respond. Upon a showing of reasonable cause to declassify, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

IV. CONFIDENTIAL INFORMATION IN DEPOSITIONS. A deponent may, during the deposition be shown and examined about confidential documents, but should be prevented from removing them from the deposition. Documents retain their confidential status when attached to a deposition. Within 20 days of entry of this order or the receipt of a deposition, whichever is later, a party may designate a portion of any deposition confidential by page and line number, the remainder of the deposition will not be protected under this order.

V. CONFIDENTIAL INFORMATION AT TRIAL. Subject to the federal rules of evidence, confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

VI. SUBPOENA. If another party subpoenas or orders production of confidential documents that party has obtained under the terms of this order, such party shall promptly notify the party who designated the document as confidential of the pendency of such subpoena or order.

VII. FILING. Confidential documents may be filed with the court under seal. In addition to placing documents in a sealed envelope with instructions that the document is filed pursuant to this stipulated protective order and that the envelope should not be opened absent further order of the court, the envelope should be labeled to identify the title of the case, the case number, and the title of the document.

VIII. CLIENT CONSULTATION. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients.

IX. USE. Parties and persons obtaining access to confidential documents under this order shall use the information only for preparation and trial of this litigation, for internal reporting, and reporting to insurers or re-insurers in connection, therewith, and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

X. MODIFICATION PERMITTED. Nothing In This Order Shall Prevent Any Party Or Other Person From Seeking Modification Of This Or From Objecting To Discovery That It Believes To Be Otherwise Improper.

XI. RESPONSIBILITY OF ATTORNEYS. The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of confidential documents.

XII. NO WAIVER

   A. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

   B. The inadvertent, unintentional, or *in camera* disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege.

XIII.  EXPIRATION – The court's jurisdiction to enforce this order shall expire six months after termination of this action.

XIV.  NOTHING CONTAINED IN THIS PROTECTIVE ORDER AND NO ACTION TAKEN PURSUANT TO IT SHALL PREJUDICE THE RIGHT OF ANY PARTY TO CONTEST THE ALLEGED RELEVANCY, ADMISSIBILITY, OR DISCOVERABILITY OF ANY EVIDENCE INCLUDING ANY CONFIDENTIAL DOCUMENTS AND INFORMATION. THIS STIPULATION AND ORDER SHALL NOT ACT TO WAIVE, WITHDRAW OR OTHERWISE AFFECT ANY PREVIOUSLY ASSERTED OR FUTURE CLAIM OF ATTORNEY CLIENT PRIVILEGE OR WORK PRODUCT PROTECTION OR OTHER CLAIM OF PRIVILEGE IN THIS ACTION BY THE PARTIES AS AGAINST EACH OTHER OR AGAINST THIRD PARTIES, BUT CREATES A MECHANISM FOR THE CONFIDENTIAL PRODUCTION AND EXCHANGE OF DOCUMENTS IN THIS PROCEEDING AND PREVENTS DOCUMENT ACCESS BY AND/OR DISSEMINATION TO THIRD PARTIES.

SIGNED this _10_ day of _January_, ~~2005~~ 2006

_____
Judge, United States District Court for the Northern District

AGREED TO BY COUNSEL:

DATED: _January 6, 2006_

NIVEN & SMITH

By _____
JOHN W. BASSETT
Attorneys for Plaintiffs SL SERVICE, INC. and LUMBERMEN'S MUTUAL CASUALTY COMPANY

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER         -5-                                SS22493.1

TOTAL P.02

1 | DATED: 1/9/06

DOWNS RACHLIN MARTIN PLLC

By: _____
R. BRADFORD FAWLEY
Attorneys for Plaintiffs SL SERVICE, INC.
and LUMBERMEN'S MUTUAL
CASUALTY COMPANY

DATED: 1/9/06

NIXON PEABODY

By: _____
ALAN S. FEILER
Attorneys for Defendant PACIFIC
EMPLOYERS INSURANCE COMPANY

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER       -6-                                        S522493.1